```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT PARKERSBURG
```

**MATTHEW LEE DULANEY,**

      **Petitioner,**

**v.**                                 **CIVIL ACTION NO. 6:08-0859**
                                      **Criminal Action No. 6:01-0098-01**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## MEMORANDUM OPINION AND ORDER

Pending before the court are petitioner's motion for recusal of the undersigned (Doc. No. 235), Magistrate Judge Mary E. Stanley's Proposed Findings and Recommendation ("PF & R") recommending dismissal of the instant petition for a writ of *coram nobis* (Doc. No. 265), and petitioner's motion to construe his petition as a motion under 28 U.S.C. § 2255 (Doc. No. 274), among other filings.

### I.   Petitioner's Motion for Recusal

Petitioner moves the undersigned to recuse himself from this case, citing several issues which he believes evince "judicial bias and prejudice." (Doc. No. 235.) Specifically, petitioner refers to the court's delay in ruling on a Motion to Proceed Pro Se and for Other Relief which he previously filed in his criminal case, as well as the court's denial of that and other related motions. (Id. at 1.)

In a Memorandum Opinion and Order entered August 30, 2007, the court noted that the motions in question indicated petitioner's

desire to file a claim for ineffective assistance of counsel and to attack his conviction or sentence. (Criminal Action No. 6:01-0098, Doc. No. 176.) Because the Fourth Circuit Court of Appeals had already affirmed the judgment of this court, the court informed petitioner that his only recourse was to file a petition for habeas corpus relief, and accordingly denied his motions. (Id.) To the extent petitioner sought a court order to obtain his case file from his former attorneys, the court directed petitioner to contact them directly. (Id.) Petitioner argues that the court's direction is an indication of prejudice against him, as the motion relating to the case file stated that petitioner's attorneys previously had refused his request to turn over his case file. (Doc. No. 235.)

28 U.S.C. § 455(a) directs that "any justice, judge, or magistrate shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard to be applied under this statute "is an objective one, to foster not only actual impartiality but also the appearance of impartiality." Sales v. Grant, 158 F.3d 768, 781 (4th Cir. 1998)(quoting United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984)). The United States Supreme Court has emphasized that "disqualifying bias or partiality must normally arise from events, proceedings, or experiences outside the courtroom." Sales, 158 F.3d at 781 (citing Liteky v. United States, 510 U.S. 540, 555 (1994)). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality ruling." Consolidation Coal Co. v. Williams, 453 F.3d

-2-

609, 620 (4th Cir. 2006)(quoting Liteky, 510 U.S. at 555). "Almost invariably, they are proper grounds for appeal, not for recusal." Liteky, 510 U.S. at 555.

The court finds nothing in the materials petitioner cites to create even the appearance of judicial bias, let alone evidence of actual prejudice against petitioner. As noted above, adverse judicial rulings very rarely constitute grounds for recusal. To the extent petitioner raises what might be considered evidence of delay or oversight on the part of the court, the isolated instances in question do not remotely approach the sort of "deep-seated and unequivocal antagonism that would render fair judgment impossible." Id. His motion for recusal (Doc. No. 235) is therefore denied.

**II. Proposed Findings and Recommendation**

After initially construing the instant petition as a motion under 28 U.S.C. § 2255 (Doc. Nos. 214, 236), Magistrate Judge Stanley, citing United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008), concluded that the petition should not have been recharacterized as a § 2255 motion without prior notice to petitioner. (See Doc. No. 265 at 3.) As such, she withdrew her August 11, 2008, PF & R recommending that the court grant the United States' motion to dismiss the petition as an untimely motion under § 2255. (Id.)

On September 30, 2008, Magistrate Judge Stanley entered a PF & R in which she recommended the court find that petitioner had failed to state a claim upon which *coram nobis* relief could be

granted. (Doc. No. 265.) In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge Stanley's PF & R. On October 23, 2009, petitioner filed a motion for an extension of time to file objections (Doc. No. 275), along with his objections to the PF & R (Doc. No. 276).

Dulaney first objects to the "reconstruing of the relevant filing as a Petition for a Writ of Coram Nobis after the Court has already Ordered it to be construed as a Section 2255 Motion." (Doc. No. 276 at 1.) He notes that his assertion that he never received a copy of the United States' motion to dismiss may be verified through prison mail records. (Id.) He further objects to the magistrate judge's statement that the large number of claims raised in the petition – 491, to be exact – does not enhance their credibility. (Id.) He asserts that his claims "are credible based upon the facts and documents they are based on and the large number of them adds weight to the cumulative error doctrine, showing the injustice and unfairness that has happened to the petitioner/movant." (Id.) Finally, he argues that his conviction involved fundamental errors including "that this [it] is based on perjured testimony and the trial judge basically told the jury that if they did not reach a verdict that day, they would have to reconvene about 80 miles away to continue deliberations." (Id. at 1-2.)

As the magistrate judge explained, the writ of *coram nobis* is available only where an error "of the most fundamental character" has occurred, and only where there is no other remedy available. (Doc. No. 265 at 3 (citing United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988).) Accordingly, even if petitioner were able to establish fundamental error, he would have to prove that no other remedy, such as a § 2255 motion, existed to correct the injustice.[*] Petitioner's objections, which do not address this issue, must therefore be overruled.

### III. Motion to Construe Petition as Motion under § 2255

At the same time he submitted his objections to the PF & R, petitioner filed a Motion to Construe Petition as a Motion Under 28 U.S.C. § 2255 and for a New Proposed Findings and Recommendation. (Doc. No. 274.) Because the issues petitioner raises are more appropriately addressed in the context of 28 U.S.C. § 2255, the court grants the motion and refers this matter to Magistrate Judge Stanley for further consideration as a motion under § 2255. Although the United States previously filed a motion to dismiss based on the timeliness of petitioner's filing, Dulaney claims not to have received that motion. As such, the magistrate judge's review should take into account the arguments in Dulaney's

---

[*] As the magistrate judge notes, if it is determined that petitioner may not pursue a motion under § 2255 because of the procedural limitations which govern such motions, that procedural bar, alone, will not allow him to resort to the remedy of the writ of *coram nobis*. See United States v. Baptiste, 223 F.3d 188, 189-90 (3rd Cir. 2000).

subsequent filings which are responsive to the government's motion to dismiss.

**IV. Conclusion**

For the reasons set forth above, the court hereby 1) **DENIES** petitioner's motion for recusal (Doc. No. 235); 2) **GRANTS** petitioner's motion for an extension to file objections (Doc. No. 275) and **OVERRULES** his objections submitted therewith (Doc. No. 276; 3) **CONFIRMS** and **ACCEPTS** the magistrate judge's PF & R (Doc. No. 265) to the extent it finds that petitioner has failed to state a claim entitling him to *coram nobis* relief; 4) **GRANTS** petitioner's motion to construe his petition as a motion under 28 U.S.C. § 2255 (Doc. No. 274); and 5) **REFERS** this matter to Magistrate Judge Stanley for further consideration as set forth above.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to petitioner, *pro se*.

It is **SO ORDERED** this 28th day of July, 2009.

ENTER:

David A. Faber
Senior United States District Judge